UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                             CRIMINAL ACTION NO. 3:13-CR-00132-CRS

RICHARD MOSES HERNADEZ                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to suppress filed by Defendant Richard Moses Hernadez ("Defendant"). For the reasons set forth below, the Court will deny the motion to suppress.

## DISCUSSION

Defendant is charged with the following offenses: 1) conspiracy to distribute over 50 grams of methamphetamine; and 2) possession with intent to distribute over 50 grams of methamphetamine. (Superseding Indictment, DN 17, at 1, 4). On March 6, 2014, Defendant moved to suppress evidence of incriminating statements allegedly made by him in the hours following his arrest. In his motion, Defendant argues that suppression is warranted because: 1) he did not receive *Miranda* warnings prior to his interrogation; 2) even if he did receive *Miranda* warnings, any incriminating statements he made were not "voluntary" because the investigating officers falsely promised him that he would not be prosecuted if he cooperated; and 3) as a matter of historical fact, he never made the incriminating statements which have been attributed to him by the investigating officers.

In accordance with 28 U.S.C. § 636(b)(1)(B), we referred the motion to suppress to Magistrate Judge Whalin for a recommended disposition. In his recommended disposition, Judge Whalin begins by noting that "[t]he disputes… are largely factual in nature" because there is no dispute that the circumstances of Defendant's arrest and subsequent questioning amounted to a custodial interrogation within the meaning of *Miranda v. Arizona*, 384 U.S. 436 (1966). Accordingly, the remainder of the recommended disposition is dedicated to evaluating the conflicting testimony of Defendant and the investigating officers with respect to whether: 1) Defendant received *Miranda* warnings prior to his interrogation; 2) the investigating officers promised that Defendant would not be prosecuted if he cooperated; and 3) Defendant actually made the incriminating statements attributed to him by the investigating officers.

Due to several inconsistencies and improbabilities in Defendant's testimony, Judge Whalin ultimately determined that the testimony of the investigating officers was more credible and therefore concluded that: 1) Defendant did in fact receive *Miranda* warnings prior to his interrogation; 2) Defendant's incriminating statements were voluntary because the officers never promised that Defendant would not be prosecuted if he cooperated; and 3) Defendant did in fact make the incriminating statements attributed to him by the investigating officers.

On June 2, 2014, Defendant filed his objection (DN 79) to the findings of fact in Judge Whalin's recommended disposition. As the basis for his objection, Defendant argued that the testimony of the investigating officers was equally questionable and therefore should have been scrutinized with the same level of distrust and suspicion. Specifically, Defendant sought to establish inconsistencies in the investigating officers' testimony with respect to the following issues: 1) whether the officers had their guns drawn at a certain point in the investigation; 2)

whether and when Defendant received *Miranda* warnings; and 3) whether the investigating officers promised not to prosecuted Defendant if he cooperated.

In *United States v. Curtis*, the Sixth Circuit outlined the proper standard of review for objections to a ruling or recommendation by a magistrate judge:

> Thus, § 626 creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a clearly erroneous or contrary to law standard of review for the nondispositive, preliminary measures of § 636(b)(1)(A). Conversely, dispositive motions excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

237 F.3d 598, 603 (6th Cir. 2001) (emphasis added) (quotation marks omitted).

In accordance with *Curtis*, the Court has conducted a *de novo* review of the transcript of the suppression hearing and Judge Whalin's recommended disposition. Having done so, the Court fully agrees with and will therefore adopt Judge Whalin's evaluation of the respective credibility and accuracy of the testimony of Defendant and the investigating officers. As detailed in the recommended disposition, Defendant's testimony was riddled with inconsistencies and improbabilities. By contrast, the testimony of the investigating officers was almost entirely cohesive and therefore leaves little doubt that it accurately described the events in question.

Accordingly, it is **HEREBY ORDERED** that the Findings of Fact and Conclusions of Law and Recommendation (DN 76) of Magistrate Judge Whalin will be **ADOPTED IN FULL** and **INCORPORATED HEREIN BY REFERENCE**.

**IT IS SO ORDERED**.

Charles R. Simpson III, Senior Judge
United States District Court

June 30, 2014